## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| INTEGRATED HEALTH SERVICES, INC., et al., | ) Case No. 00-389 (MFW) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |
| ———————————————————— | ) |
| | ) |
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, | ) |
| | ) |
| | ) C.A. No. 04-1262 (GMS) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| INTEGRATED HEALTH SERVICES, INC. and ABE BRIARWOOD CORP., | ) |
| | ) |
| | ) |
| Defendants. | ) |

### IHS LIQUIDATING LLC'S MOTION FOR LEAVE TO FILE A REPLY

Pursuant to Local Rules 7.1.2(c) and 7.1.3(c)(2), the IHS Liquidating LLC (the "Liquidating LLC") seeks leave to file a reply (the "Reply"), a copy of which is attached hereto as "Exhibit A", to *Plaintiff, Indemnity Insurance Company Of North America's Response To Motion Of IHS Liquidating LLC To Intervene And Response To The Motion of Indemnity Insurance Company Of North America To Amend The Complaint* [Docket No. 18] (the "Response"). As grounds for this motion, the Liquidating LLC states:

1.  On April 18, 2005, plaintiff Indemnity Insurance Company of North America ("IICNA") filed a motion to amend its complaint (the "Motion to Amend") in the above-captioned action.

2.  On May 13, 2005, the Liquidating LLC filed the *Motion Of IHS Liquidating LLC To Intervene And Response To The Motion Of Indemnity Insurance Company Of North America*

*To Amend The Complaint* [Docket No. 17] (the "Motion to Intervene"). The Motion to Intervene

contained a request for intervention by the Liquidating LLC for the purposes of responding to the

Motion to Amend and also addressed the underlying merits of the Motion to Amend.

      3.      On May 27, 2005, IICNA filed the Response. In the Response, IICNA raises

issues regarding the "first to file" rule and the scope of the intervention request contained in the

Motion to Intervene.

      4.      In order to address these limited and related issues, the Liquidating LLC hereby

seeks leave to file the Reply. The arguments contained in the Reply impact both the Motion to

Amend and the Liquidating LLC's intervention request. As such, the Reply may be viewed by

the Court or parties in interest as a surreply in opposition to the Motion to Amend.

Consequently, the Liquidating LLC, out of an abundance of caution, hereby seeks leave to file

the Reply to the extent it is so construed.

      5.      The Reply addresses IICNA's arguments regarding the "first filed" rule. As the

Reply discusses in greater detail, pursuant to Federal Rule of Civil Procedure 15(c)(2) and Local

District Court Rule 15.1, the Liquidating LLC, not IICNA, was the "first to file". Furthermore,

even if IICNA is able to satisfy the "first filed" rule, circumstances exist that weigh heavily

against the rule's application.

      6.      The Liquidating LLC respectfully submits that the Reply will assist the Court in

its review and consideration of the pending dispute and, given that the arguments to which the

Reply is directed were first raised in the Response, the Liquidating LLC submits that approval of

this motion is appropriate under the circumstances.

WP3:1118340.2                                                56309.1001

**Local Rule 7.1.1 Certification**

Counsel for the Liquidating LLC has made a reasonable effort to reach agreement with counsel for IICNA on the matters set forth in the present motion. Counsel for the Liquidating LLC discussed this matter with counsel for IICNA on June 6, 2005 and counsel for IICNA indicated that they do not oppose the relief sought herein.

WHEREFORE, the Liquidating LLC respectfully requests that the Court grant its Motion For Leave To File A Response.

Dated: Wilmington, Delaware
June 7, 2005

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Joseph M. Barry (No. 4221)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

KAYE SCHOLER LLP
Arthur Steinberg
Ana Alfonso
425 Park Avenue
New York, NY 10022-3598
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

Attorneys for the Liquidating LLC

WP3:1118340.2                                                    56309.1001
WP3:1118340.2                                                    56309.1001

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| INTEGRATED HEALTH SERVICES, INC., et al., | Case No. 00-389 (MFW) |
| | (Jointly Administered) |
| Debtors. | |

---

| | |
|---|---|
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, | |
| Plaintiff, | C.A. No. 04-1262 (GMS) |
| v. | |
| INTEGRATED HEALTH SERVICES, INC. and ABE BRIARWOOD CORP., | |
| Defendants. | |

### ORDER GRANTING THE IHS LIQUIDATING LLC'S MOTION FOR LEAVE TO FILE A REPLY

Upon consideration of the *IHS Liquidating LLC's Motion for Leave To File A Reply*; and sufficient cause appearing therefor; it is hereby

ORDERED, that the motion is GRANTED.

_____
United States District Judge

## EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| INTEGRATED HEALTH SERVICES, INC., <u>et al.</u>, | Case No. 00-389 (MFW) |
| | (Jointly Administered) |
| Debtors. | |
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, | |
| Plaintiff, | C.A. No. 04-1262 (GMS) |
| v. | |
| INTEGRATED HEALTH SERVICES, INC. and ABE BRIARWOOD CORP., | |
| Defendants. | |

**IHS LIQUIDATING LLC'S REPLY TO PLAINTIFF'S RESPONSE TO IHS
LIQUIDATING LLC'S MOTION TO INTERVENE
AND RESPONSE TO THE MOTION TO AMEND THE COMPLAINT**

TO:   THE HONORABLE GREGORY M. SLEET,
      UNITED STATES DISTRICT JUDGE

IHS Liquidating LLC ("Liquidating LLC"), by its attorneys, hereby submits this reply (the "Reply") to *Indemnity Insurance Company of North America's Response to Motion of IHS Liquidating LLC to Intervene and Response to the Motion to Amend the Complaint* filed by plaintiff Indemnity Insurance Company of North America ("IICNA") on May 27, 2005 [Docket No. 18] (the "Response"). In support of the Reply, the Liquidating LLC represents as follows:

**PRELIMINARY STATEMENT**

1.      The Liquidating LLC submits this Reply for purposes of addressing IICNA's newly raised argument that the "first-filed" rule somehow dictates that it should be permitted to

Surreply.wpd

amend the complaint in this action (the "Original Complaint") to add a claim that involves an entirely different transaction, different legal issues and different parties, which is entirely duplicative of the subject matter of another adversary proceeding pending before the Bankruptcy Court (the "1999 Policy Proceeding"). For the following reasons, the first-filed rule does not control the outcome of the Motion to Amend.[1] First, this Court has not granted (and the Liquidating LLC respectfully submits, it should not grant) IICNA's Motion to Amend and thus, pursuant to the rules of this Court, there is currently only one pending action involving the 1999 IICNA Policy. Thus, by its plain terms, the first-filed rule is inapplicable here. Second, even if this Court were to grant the Motion to Amend, Rule 15(c) of the Federal Rules of Civil Procedure precludes IICNA from getting the benefit of "relation back" to the filing date of the Original Complaint, and therefore, the Proposed 1999 Count will not be the first-filed proceeding concerning the 1999 IICNA Policy. Lastly, even if the Proposed 1999 Count is somehow entitled to first-filed status, the forum shopping in which IICNA is engaged, together with the considerations of judicial economy that favor referral of this dispute to the Bankruptcy Court, militates against application of the first-filed rule. This Court can and should avoid consideration of the first-filed rule by simply denying the Motion to Amend and permitting the 1999 Policy Proceeding to remain the only pending proceeding with respect to the 1999 IICNA Policy.

## ARGUMENT

### I.     This Proceeding is Not the "First-Filed" Proceeding

2.     The first-filed rule is a judicial construct providing federal courts with discretionary authority to transfer or enjoin a second duplicative litigation involving the same issues between the same parties that also are before another federal court. *Equal Employment*

---

[1]     Capitalized terms not otherwise defined herein shall have the meanings ascribed in Liquidating LLC's *Motion to Intervene* [Docket No. 17].

*Opportunity Commission v. University of Pennsylvania*, 850 F.2d 969, 972 (3d Cir.1988). To the extent the first-filed rule applies in the instant proceeding, the 1999 Policy Proceeding was the first-filed proceeding concerning the dispute between the parties arising out of the 1999 IICNA Policy.

3.    Pursuant to Rule 15.1 of the Local Rules of Civil Practice and Procedure of this Court (which IICNA fails to cite in its brief), an "amended pleading shall be deemed filed as of the date of an order allowing the amendment, unless the order otherwise provides." D. Del. L.R. 15.1. Since this Court has not yet entered an order granting the Motion to Amend (which, for the reasons set forth herein and in the Motion to Intervene, should be denied), the Proposed 1999 Count has not yet been filed. The 1999 Policy Proceeding, which was filed on May 6, 2005, is the first -- and only -- filed proceeding concerning the 1999 IICNA Policy. *See Fleet Capital Corp. v. Mullins*, 2004 WL 548240, at *4 (S.D.N.Y. March 18, 2004) (action commenced by Fleet Capital was considered the first-filed suit, where plaintiff in another pending action filed motion for leave to amend its complaint before Fleet Capital commenced its action, but the motion was not granted until afterward). For this reason, IICNA's first-filed argument has no legal effect for purposes of application of the first filed rule.

4.    IICNA's attempt to invoke the first-filed rule in its favor is presumably predicated upon the false premise that if the Motion to Amend is granted, the Proposed 1999 Count will relate back to the date of the Original Complaint, which was filed nearly two years before the Liquidating LLC had any interest at stake in this action. The Proposed 1999 Count is

completely unrelated to the claims in the Original Complaint, and therefore, IICNA is not entitled to the benefit of the filing date of the Original Complaint.[2]

        5.      Rule 15(c)(2) of the Federal Rules of Civil Procedure, which governs when an amended pleading may relate back to the date of the original pleading, provides in pertinent part that an amendment seeking to include new claims may only relate back to the date of the original pleading when the claims "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. Proc. 15(c)(2). Courts routinely hold that amended complaints attempting to add entirely new claims arising out of different transactions, such as IICNA's proposed amended complaint, cannot relate back to the Original Complaint. *See, e.g., Tho Dinh Train v. The Alphonse Hotel Corp.*, 281 F.3d 23, 36 (2d Cir. 2002) (holding amended complaint adding new claim based on acts not alleged in original complaint did not relate back to original complaint); *Seidel v. Lee*, 954 F.Supp. 810, 815 (D. Del. 1996) (holding that date of filing additional claims based on several transactions would not relate back to original complaint); *In re Eagle Entrs., Inc.*, 259 B.R. 73, 81 (E.D. Pa. 2001) (holding that new claims asserted in amended complaint do not relate back when based on events different from or in addition to those set forth in the original complaint).

        6.      Here, the Proposed 1999 Count is a separate and distinct claim from the claims asserted in this action and requests relief that is completely different from and unrelated to

---

[2]      Moreover, the fact that the Liquidating LLC -- a necessary party with respect to the Proposed 1999 Count -- was not named as a defendant in the Original Complaint precludes relation back to the date of the Original Complaint under any circumstances. To obtain that relief under Fed. R. Civ. Pro. 15(c)(3), IICNA would have to show, among other things, that within the 120 day period for service of the Original Complaint, the Liquidating LLC knew or should have known that it would have been named as a defendant "but for a mistake concerning the identity of the proper party." Given that the Original Complaint asserts claims that have no impact on the Liquidating LLC, IICNA cannot possibly demonstrate that the Liquidating LLC should have considered itself a real party in interest at any time prior to the filing of the Motion to Amend. *See, e.g., Aboveeper, Inc. v. Recording Indus. Assoc. of Amer., Inc.*, 166 F. Supp. 2d 655, 661 (N.D.N.Y. 2001) (finding that amended complaint adding party in interest did not relate back to date of original complaint for purposes of first-filed rule).

the subject matter of the Original Complaint. As explained more fully in the Motion to

Intervene, the Proposed 1999 Count concerns an entirely different transaction (the 1999 IICNA

Policy) than the transaction that forms the basis of the Original Complaint (the 2000 IICNA

Policy). The Proposed 1999 Count also includes completely different claims than the claims in

this action; whereas the Original Complaint seeks declaratory relief with respect to whether IHS

Long Term Care, Inc. is an insured under the 2000 IICNA Policy, the Proposed 1999 Count seeks

a declaration concerning the exhaustion of the underlying coverage limits under the 1999 IICNA

Policy. Adjudication of these two different causes of action will involve completely separate and

distinct legal and factual issues and be defended by two completely unrelated parties with

different interests at stake. Contrary to IICNA's unsupported assertion to the contrary, there is no

reason to conclude that adjudicating these two claims in the same proceeding will somehow be

more efficient than (i) denying the Motion to Amend and (ii) allowing this proceeding and the

1999 Policy Proceeding to remain separate and non-duplicative of each other.

       7.     The claims in the Original Complaint and the Proposed 1999 Count clearly

do not arise out of the same conduct, transactions or occurrences, and thus IICNA is not entitled

to the benefit of the filing date of the Original Complaint. IICNA therefore cannot be heard to

claim that the Proposed 1999 Claim, if it is ever permitted to be filed, should be deemed to have

been filed before the 1999 Policy Proceeding pending before the Bankruptcy Court.

## II.    If the Instant Proceeding is Considered "First-Filed," Circumstances Present Herein Trigger Exceptions That Weigh Heavily Against Adhering to the First-Filed Rule

       8.     Even if IICNA were somehow entitled to the benefit of the filing date of

the Original Complaint, IICNA's assertion that the 1999 Policy Proceeding should therefore be

consolidated with this action has no merit. The first-filed rule is not an inflexible principle to be

applied mechanically; but rather the rule is grounded on equitable principles. *EEOC*, 850 F.2d at 976-77. This discretionary authority "is not a mandate directing wooden application of the rule without regard to rare or extraordinary circumstances, inequitable conduct, bad faith, or forum shopping." *Id.* at 972. (declining to invoke first-filed rule due to presence of extraordinary circumstances).

9.   As shown in the Motion to Intervene, IICNA's continued persistence in seeking to amend the Original Complaint rather than filing a separate proceeding – which would have been automatically referred to the Bankruptcy Court – is a transparent attempt to avoid having the 1999 IICNA Policy adjudicated by the Bankruptcy Court, which has already considered and rejected IICNA's arguments in the context of the National Union Proceeding. IICNA's blatant attempt to shop for a more favorable forum by seeking to assert the Proposed 1999 Count in this action militates against application of the "first-filed" rule and provides ample justification to deny the Motion to Amend.

10.   IICNA has shown no justification whatsoever for proceeding with the Proposed 1999 Count in this action. The subject matter of the Proposed 1999 Count is already before the Bankruptcy Court in the 1999 Policy Proceeding, wherein IICNA has already filed (i) a motion seeking withdrawal of this Court's automatic reference of that proceeding to the Bankruptcy Court and (ii) a motion in the Bankruptcy Court pursuant to Del. Bankr. L.R. 5011-1 seeking a determination of whether the 1999 Policy Proceeding is "core". As shown in the Liquidating LLC's responses to that motion, which are annexed hereto as Exhibit "A" and incorporated herein by reference, the 1999 Policy Proceeding should be adjudicated by the Bankruptcy Court. The dispute is a "core" bankruptcy matter that is inextricably intertwined with the administration of the Debtors' plan of reorganization, and can therefore be fully

adjudicated by the Bankruptcy Court. Judicial economy and uniformity would be served by denying the Motion to Amend and allowing the 1999 Policy Proceeding to proceed before Judge Walrath, who has presided over the Debtors' bankruptcy cases for more than five years, and is intimately familiar with the case and the complex transactions and distribution procedures contemplated by the Plan and has considered and resolved the very same matters at issue in the Proposed 1999 Count in the context of the National Union Adversary Proceeding.

       11.    Accordingly, instead of permitting IICNA to commence a duplicative proceeding, the Court should deny the Motion to Amend. In the alternative, the Court should refer the Proposed 1999 Count to the Bankruptcy Court to be consolidated with the 1999 Policy Proceeding, which is the first-filed proceeding relating to the 1999 IICNA Policy.

WHEREFORE, for all of the foregoing reasons and the reasons set forth in the

Motion to Intervene, the Liquidating LLC respectfully requests that the Court deny the Motion to

Amend, or in the alternative, order the proceeding be referred to the Bankruptcy Court for proper

adjudication before the Bankruptcy Court, and such other and further relief which may be just

and proper.

Dated: Wilmington, Delaware
       June 6, 2005

                              YOUNG CONWAY STARGATT & TAYLOR, LLP

                              James L. Patton (No. 2202)
                              Robert S. Brady (No. 2847)
                              Edmon L. Morton (No. 3856)
                              Kenneth J. Enos (No. 4544)
                              The Brandywine Building
                              1000 West Street, 17th Floor
                              P.O. Box 391
                              Wilmington, DE 19899-0391
                              (302) 571-6600
                                        - and -

                              KAYE SCHOLER LLP
                              Arthur Steinberg
                              Marc D. Rosenberg
                              Hilary Lane
                              Ana M. Alfonso
                              425 Park Avenue
                              New York, NY 10022-3598
                              (212) 836-8000

                              Attorneys for IHS Liquidating LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 7, 2005, true and correct copies of the

foregoing **IHS LIQUIDATING LLC'S MOTION FOR LEAVE TO FILE A REPLY** was

caused to be served upon the following counsel of record in the manner indicated below:

| **BY FEDERAL EXPRESS:**<br>Leonard Goldberger<br>Martha E. Johnson<br>White and Williams LLP<br>1800 One Liberty Place<br>Philadelphia, PA 19103 | **BY HAND DELIVERY:**<br>Christian K. Singerwald<br>Marc S. Casarino<br>White and Willams LLP<br>824 N. Market Street, 902<br>P.O. Box 709<br>Wilmington, DE 19899-0709 |
| **BY FEDERAL EXPRESS:**<br>Francis J. Deasey<br>Gerald J. Valentini<br>Deasey, Mahoney & Bender, Ltd.<br>1800 John F. Kennedy Boulevard<br>Suite 1300<br>Philadelphia, PA 19103 | |

Kenneth J. Enos